ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL VII**

| | | |
|---|---|---|
| **E.M.I. EQUITY MORTGAGE, INC. COMO AGENTE DE SERVICIO DE FORTALEZA EQUITY PARTNERS I, LLC** <br> DEMANDANTE(S)-RECURRIDA(S) <br><br> V. <br><br> **MELISA BADILLO FELICIANO** <br> DEMANDADA(S)-PETICIONARIA(S) | **TA2025CE00760** | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de **FAJARDO** <br><br> Caso Núm.: **FA2022CV00919 (307)** <br><br> Sobre: Cobro de Dinero y Ejecución de Hipoteca |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón.

*Barresi Ramos*, juez ponente

# R E S O L U C I Ó N

En San Juan, Puerto Rico, hoy día 9 de junio de 2026.

Comparece ante este Tribunal de Apelaciones, la señora **MELISA BADILLO FELICIANO** (señora **BADILLO FELICIANO**) mediante *Solicitud de Certiorari* encausada el 13 de noviembre de 2025. En su recurso, nos solicita que revisemos la *Resolución* determinada el 29 de agosto de 2025 por el Tribunal de Primera Instancia (TPI), Sala Superior de Fajardo.[1] Mediante la alusiva decisión, se declaró no ha lugar la *Urgente Moción Solicitando Remedios Bajo la Regla 49.2 de las de Procedimiento Civil por Nulidad de Sentencia* presentada el 31 de julio de 2025 por la señora **BADILLO FELICIANO**.

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

---

[1] Dicho dictamen judicial fue notificado y archivado en autos el 29 de agosto de 2025. Apéndice de la *Solicitud de Certiorari,* entrada núm. 53 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

## - I -

El 13 de septiembre de 2022, **E.M.I. EQUITY MORTGAGE, INC., COMO AGENTE DE SERVICIO DE FORTALEZA EQUITY PARTNERS I, LLC, (E.M.I.)** interpuso una *Demanda* sobre cobro de dinero y ejecución de hipoteca en contra de la señora **BADILLO FELICIANO**.[2] Adujo que el 4 de agosto de 2005, la señora **BADILLO FELICIANO** suscribió un pagaré hipotecario por la suma principal de $23,000.00, más intereses, garantizado con hipoteca sobre una residencia sita en Las Croabas, Fajardo, ante el Notario Luis Enrique Mejías Rivera.

Luego de varios trámites procesales, el 17 de enero de 2023, se dispuso *Orden de Referido al Centro de Mediación de Conflictos en Casos de Ejecución de Hipotecas*.[3] A continuación, el 5 de diciembre de 2023, **E.M.I.** presentó una *Solicitud de Paralización (Únicamente del Proceso Judicial)* exponiendo que la señora **BADILLO FELICIANO** había completado y entregado los documentos requeridos por el Departamento de Mitigación de Pérdidas ("Loss Mitigation") conforme a las regulaciones del *Consumer Financial Protection Bureau (CFBP)*.[4] Por tanto, a los fines de evaluar si cualificaba para alguna alternativa que pusiera fin a la controversia sobre cobro de dinero imploró la paralización únicamente del proceso judicial. Así, el 8 de diciembre de 2023, se decidió *Resolución de Paralización "Consumer Financial Protection Bureau"*.[5]

Más tarde, el 26 de enero de 2024, el Centro de Mediación de Conflictos presentó *Moción Informativa de Resultado de Referido en Caso de Ejecución de Hipoteca por Videoconferencia*.[6] Ante este panorama, el 21 de febrero de 2024, **E.M.I.** presentó *Solicitud de Continuación de los Procedimientos y Solicitud de Anotación de Rebeldía y Sentencia*.[7] Expuso que había transcurrido, en exceso, el plazo de treinta (30) días para presentar su contestación, y procedía se ordenara la

---

[2] Apéndice de la *Solicitud de Certiorari,* entrada núm. 1 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[3] Apéndice de la *Solicitud de Certiorari,* entrada núm. 7 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[4] Apéndice de la *Solicitud de Certiorari,* entrada núm. 13 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[5] Apéndice de la *Solicitud de Certiorari,* entrada núm. 14 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[6] Apéndice de la *Solicitud de Certiorari,* entrada núm. 15 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[7] Apéndice de la *Solicitud de Certiorari,* entrada núm. 17 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

anotación de rebeldía lo cual tenía el efecto de dar por admitidas las aseveraciones de las alegaciones afirmativas contenidas en la *Demanda*.

Ese mismo día, se dictó *Sentencia en Rebeldía* declarando ha lugar la *Demanda* y afirmando que para sustentar las alegaciones de la *Demanda* obran en los autos los siguientes documentos: (i) la *Certificación del Departamento de Defensa* sobre el estatus militar (SCRA); (ii) una *Declaración Jurada* de un oficial autorizado de **E.M.I.** acreditando las cantidades adeudadas; (iii) *Certificación Registral* acreditando la inscripción de la hipoteca; (iv) copias fiel y exacta del pagaré y de la *Escritura de Hipoteca;* y (v) copia de la carta de aceleración.[8]

Al tiempo, el 14 de marzo de 2025, **E.M.I.** presentó una *Solicitud de Ejecución de Sentencia*.[9] Manifestó que la señora **BADILLO FELICIANO** no había satisfecho ni total ni parcialmente la *Sentencia,* por ende, pidió se dispusiera la ejecución de la providencia judicial. Posteriormente, el 1 de julio de 2025, se llevó a cabo la venta en pública subasta del inmueble, adjudicándose la propiedad a Almendro Capital, LLC e Inversiones B Tres, representado por Wally Rodríguez.[10]

Acto seguido, el 31 de julio de 2025, la señora **BADILLO FELICIANO** presentó *Urgente Moción Solicitando Remedios Bajo la Regla 49.2 de las de Procedimiento Civil por Nulidad de Sentencia*.[11] Apoyó deficiencia en el diligenciamiento del emplazamiento; la declaración jurada no está debidamente juramentada; no se acreditó haber remitido la carta para la aceleración del préstamo por correo certificado; y violaciones a las leyes federales de mitigación de pérdidas. El 20 de agosto de 2025, **E.M.I.** presentó *Oposición a "Urgente Moción Solicitando Remedio Bajo la Regla 49.2 de las de Procedimiento Civil por Nulidad de Sentencia* acompañada de copia de varios documentos. Por consiguiente, el 29 de agosto de 2025, el tribunal de instancia dictaminó la *Resolución* recurrida. Determinó que, la

---

[8] Apéndice de la *Solicitud de Certiorari,* entrada núm. 18 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA). El 17 de abril de 2024, **E.M.I.** presentó *Moción Aclaratoria y Reiterando Solicitud de Nueva Notificación de Sentencia Enmendada Nunc Pro Tunc*. El día 23 de abril de 2024, la *Sentencia en Rebeldía* fue enmendada para corregir el número del caso.

[9] Apéndice de la *Solicitud de Certiorari,* entrada núm. 27 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[10] Apéndice de la *Solicitud de Certiorari,* entrada núm. 33 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[11] Apéndice de la *Solicitud de Certiorari,* entrada núm. 46 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

referida moción había sido radicada en exceso del término de seis (6) meses provisto por la Regla 49.2 de las de Procedimiento Civil de 2009, sin haber sido presentada reconsideración o apelación alguna; no puede pretender reabrir mediante este remedio extraordinario sin que se cumplan ninguno de los criterios establecidos en dicha Regla; y de los documentos que obran en los autos surge meridianamente claro que las alegaciones de la señora **BADILLO FELICIANO** carecen de fundamento.

En consecuencia, el 15 de septiembre de 2025, la señora **BADILLO FELICIANO** presentó una *Moción de Reconsideración*.[12] El 9 de octubre de 2025, **E.M.I.** presentó su *Réplica a "Oposición a Reconsideración"*.[13] El 14 de octubre de 2025, se intimó la *Orden* declarando no ha lugar al petitorio de reconsideración.[14]

En desacuerdo, el 13 de noviembre de 2025, la señora **BADILLO FELICIANO** recurrió mediante *Solicitud de Certiorari* ante este foro revisor señalando el(los) siguiente(s) error(es):

> Erró el Tribunal de Primera Instancia al validar un emplazamiento defectuoso: El emplazamiento de la demanda es nulo por una incongruencia incurable entre la fecha de diligenciamiento (18 de diciembre de 2022) y la fecha de juramentación del diligenciante (18 de noviembre de 2022), lo cual demuestra que no se siguió el procedimiento debido para emplazar a la peticionaria. Al no haber jurisdicción sobre la persona de la peticionaria, la sentencia en rebeldía es nula ab initio.

> Erró el Tribunal de Primera Instancia al mantener una sentencia en rebeldía basada en una declaración jurada de deuda que no estaba debidamente juramentada, presentada por la parte demandante al solicitar la Anotación de Rebeldía. La *"declaración jurada"* que acredita las cantidades adeudadas carecía de juramento válido al momento de su presentación, por lo que no constituye prueba competente ni puede servir de base para una sentencia. La consideración de este documento no juramentado violó las reglas procesales y el debido proceso de Ley.

> Erró el Tribunal de Primera Instancia al ignorar la notificación inválida de la carta de aceleración de la deuda hipotecaria, en violación de los términos contractuales y del debido proceso. EMI alegó haber notificado por correo certificado la carta de aceleración previa a la demanda, pero utilizó direcciones

---

[12] Apéndice de la *Solicitud de Certiorari*, entrada núm. 54 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[13] Apéndice de la *Solicitud de Certiorari*, entrada núm. 57 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[14] Notificada y archivada en autos el 14 de octubre de 2025. Apéndice de la *Solicitud de Certiorari*, entrada núm. 58 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

postales incorrectas para la peticionaria (incluyendo códigos postales erróneos "00985" en lugar de "00987" para Carolina, y "00736" en lugar de "00738" para Fajardo). Al no dirigirse las notificaciones al dirección correcta y última conocida, no se cumplió con el requerimiento esencial de notificación efectiva al deudor, comprometiendo la validez de la aceleración de la deuda y del proceso de ejecución subsiguiente.

Erró el Tribunal de Primera Instancia al desestimar las violaciones de la Regulación X (12 C.F.R. § 1024.41) cometidas por la parte demandante durante el proceso de mitigación de pérdidas, en contravención del *Real Estate Settlement Procedures Act* (RESPA, 12 U.S.C. § 2605). En particular, EMI emitió una denegatoria defectuosa de la solicitud de mitigación de la peticionaria, basada en la supuesta falta de evidencia de cancelación de un embargo antiguo a favor de BBVA que había caducado desde 2014. Esta actuación violó los deberes impuestos por la Regulación X para evaluar de buena fe las alternativas de mitigación y proveyó una razón espuria para negar ayuda al deudor hipotecario, menoscabando sus derechos bajo RESPA.

Erró el Tribunal de Primera Instancia al permitir que prosiguiera la ejecución hipotecaria pese a la negativa de EMI a evaluar la solicitud de mitigación de pérdidas conforme a los estándares reglamentarios aplicables y los deberes contractuales de buena fe. La peticionaria había sometido una solicitud completa de modificación/prestación alternativa, lo que activaba la obligación del acreedor hipotecario de considerar con diligencia todas las alternativas de retención antes de ejecutar la hipoteca. EMI incumplió sus obligaciones fiduciarias y contractuales al no completar la evaluación, y en cambio canceló unilateralmente el proceso de mitigación por requerir documentos fuera del control de la deudora (como la cancelación de un embargo registral expirado) en violación de la Regulación X. Al obviar estos incumplimientos, el tribunal incurrió en error de derecho y privó a la peticionaria de una oportunidad significativa de evitar la pérdida de su hogar.

El 20 de noviembre de 2025, pronunciamos *Resolución* concediendo un término perentorio de diez (10) días para mostrar causa por la cual no debíamos expedir el auto de *certiorari* y revocar el decreto impugnado. El 26 de noviembre de 2025, la señora **BADILLO FELICIANO** presentó *Moción Urgente en Auxilio de Jurisdicción*. La misma fue declarada no ha lugar el 1 de diciembre de 2025. El 10 de diciembre de 2025, **E.M.I.** presentó su *Moción de Desestimación por Falta de Jurisdicción y en Cumplimiento de Orden de Mostrar Causa en Oposición a Expedición de Auto de Certiorari*. El 15 de diciembre de 2025, la señora **BADILLO FELICIANO** presentó *Moción en Cumplimiento de Orden y en Oposición a Moción de Desestimación por Falta de Jurisdicción*. Más adelante, el 12 de marzo de 2026, Almendro Capital, LLC e Inversiones Tres B, Inc. presentaron *Moción de*

*Desestimación al Amparo de la Regla 83(B)(5) del Reglamento de Tribunal de Apelaciones.*

Evaluado concienzudamente el expediente del caso, y contando con el beneficio de la comparecencia de las partes, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

- II -

- A - *CERTIORARI*

El auto de *certiorari* es un vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda revisar discrecionalmente las órdenes o resoluciones interlocutorias decretadas por una corte de inferior instancia judicial.[15] Por ello, la determinación de expedir o denegar este tipo de recurso se encuentra enmarcada dentro de la discreción judicial.[16]

De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[17] Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho".[18]

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de las de Procedimiento Civil de 2009.[19] La aludida Regla dispone que solo se expedirá un recurso de *certiorari* cuando, "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo".[20] La Regla 52.1 de las de Procedimiento Civil de 2009 instaura que los recursos de *certiorari* deben tramitarse de

---

[15] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021).
[16] *Íd.*
[17] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016).
[18] *Íd.*
[19] 32 LPRA Ap. V, R. 52.1; *Torres González v. Zaragoza Meléndez, supra.*
[20] *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021).

conformidad con la ley aplicable.[21] En ese sentido, y a manera de excepción, se podrá expedir este auto discrecional cuando:

> (1) se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales;
> (2) en asuntos relacionados a privilegios evidenciarios;
> (3) en casos de anotaciones de rebeldía;
> (4) en casos de relaciones de familia;
> (5) en casos revestidos de interés público; o
> (6) en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia.[22]

Lo anterior constituye tan solo la primera parte de nuestro análisis sobre la procedencia de un recurso de *certiorari* para revisar un dictamen del Tribunal de Primera Instancia. De modo que, aun cuando un asunto esté comprendido entre las materias que las Reglas de Procedimiento Civil de 2009 nos autorizan a revisar, el ejercicio prudente de esta facultad nos requiere tomar en consideración, además, los criterios dispuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones.[23]

Por otro lado, el examen de los [recursos] discrecionales no se da en el vacío o en ausencia de otros parámetros.[24] Para ello, la Regla 40 de nuestro Reglamento instituye los indicadores a considerar al evaluar si se debe o no expedir un recurso de *certiorari*. A saber:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho;
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema;
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia;
> (D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados;
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración;
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; y
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[25]

---

[21] 32 LPRA Ap. V., R. 52.1.

[22] *Torres González v. Zaragoza Meléndez, supra; McNeil Healthcare v. Mun. Las Piedras I, supr*a, pág. 404; *800 Ponce de León v. AIG*, 205 DPR 163 (2020).

[23] *McNeil Healthcare v. Mun. Las Piedras I, supra*, pág. 404; *800 Ponce de León v. AIG, supra*.

[24] *Íd.*

[25] Véase la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 63, 216 DPR ____ (2025); *Torres González v. Zaragoza Meléndez, supra; Rivera Figueroa v. Joe´s European Shop*, 183 DPR 580 (2011).

Es preciso aclarar, que la anterior no constituye una lista exhaustiva, y ninguno de estos criterios es determinante, por sí solo, para justificar el ejercicio de nuestra jurisdicción.[26] En otras palabras, los anteriores criterios nos sirven de guía para poder determinar de la forma más sabia y prudente si se justifica nuestra intervención en la etapa del procedimiento en que se encuentra el caso.[27] Ello, pues distinto al recurso de apelación, este Tribunal posee discreción para expedir el auto de *certiorari*.[28] La delimitación que imponen estas disposiciones reglamentarias tiene "como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación."[29]

Por otra parte, este Tribunal solo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en arbitrariedad o en un craso abuso de discreción.[30] Esto es, "que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[31]

En el ámbito judicial, el abuso de discreción puede manifestarse de diversas maneras, entre ellas: "cuando el juez, en la decisión que emite, no toma en cuenta e ignora, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando por el contrario el juez, sin justificación y fundamento alguno para ello, le concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en el mismo; o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez livianamente sopesa y calibra los mismos".[32]

Finalmente, las decisiones tomadas tras dictarse una sentencia solo son revisables mediante el recurso discrecional de *certiorari*.[33] Toda vez que la Regla

---

[26] *García v. Padró*, 165 DPR 324, 335 (2005), n. 15.
[27] *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703, 712 (2019).
[28] *Feliberty v. Soc. de Gananciales*, 147 DPR 834, 837 (1999).
[29] *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486– 487 (2019); *Mun. Caguas v. JRO Construction Inc., supra*.
[30] *García v. Asociación*, 165 DPR 311, 322 (2005); *Rebollo López v. Gil Bonar*, 148 DPR 673, 677 (1999).
[31] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[32] *Pueblo v. Ortega Santiago*, 125 DPR 203, 211-212 (1990).
[33] *IG Builders v. BBVAPR*, 185 DPR 307, 339 (2012).

52.1 de las de Procedimiento Civil de 2009 no abarca tales instancias, para determinar si procede la expedición de un recurso de *certiorari* en el que se recurre de una determinación *post sentencia* debemos enfocar nuestro análisis en los criterios que provee la Regla 40 de nuestro Reglamento.[34]

### - B - *Regla 49.2 de las de Procedimiento Civil de 2009*

La Regla 49.2 de las de Procedimiento Civil de 2009 permite que una parte solicite al foro de primera instancia el relevo de los efectos de una sentencia, siempre que se cumpla con una de las causales allí enumeradas y la solicitud se presente dentro de un término de **seis (6) meses** de haberse registrado la sentencia.[35] Con las excepciones que abajo se mencionan, el dejar sin efecto una sentencia es una facultad discrecional de los tribunales de primera instancia.[36] Esta Regla debe interpretarse liberalmente, y cualquier duda debe ser resuelta a favor de la parte que solicita que se deje sin efecto una anotación de rebeldía o una sentencia, de manera que el proceso continúe y el caso pueda resolverse en sus méritos.[37] En lo aquí pertinente, la Regla 49.2 de las de Procedimiento Civil de 2009 lee:

> Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:
> (a) error, inadvertencia, sorpresa o negligencia excusable;
> (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48 de este apéndice;
> (c) fraude (incluso el que hasta ahora se ha denominado 'intrínseco' y el también llamado 'extrínseco'), falsa representación u otra conducta impropia de una parte adversa;
> **(d) nulidad de la sentencia;**
> (e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o
> (f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.
> Las disposiciones de esta regla no aplicarán a las sentencias dictadas en pleitos de divorcio, a menos que la moción se funde en las razones (c) o (d). La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento. Una moción bajo esta Regla 49.2 no afectará la finalidad de una sentencia ni suspenderá sus efectos. Esta regla no limita el poder del tribunal para:

---

[34] *Id.*
[35] 32 LPRA Ap. V. *Bco. Santander PR v. Fajardo Farms Corp.,* 141 DPR 237, 243 (1996).
[36] *Southern Construction Co. v. Tribunal Superior,* 87 DPR 903, 905 (1963).
[37] *Náter v. Ramos,* 162 DPR 616, 624-625 (2004); *Piazza v. Isla del Río, Inc.,* 158 DPR 440, 480 (2003).

(1) conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, una orden o un procedimiento;

(2) conceder un remedio a una parte que en realidad no haya sido emplazada, y

(3) dejar sin efecto una sentencia por motivo de fraude al tribunal.

Mientras esté pendiente una apelación o un recurso de certiorari de una resolución final en procedimiento de jurisdicción voluntaria, el tribunal apelado no podrá conceder ningún remedio bajo esta regla, a menos que sea con el permiso del tribunal de apelación. Una vez que el tribunal de apelación dicte sentencia, no podrá concederse ningún remedio bajo esta regla que sea inconsistente con el mandato, a menos que se obtenga previamente permiso para ello del tribunal de apelación. En ambos casos, la moción de relevo deberá siempre presentarse ante el tribunal apelado dentro del término antes señalado y, si éste determina que estaría dispuesto a conceder el remedio, se acudirá entonces ante el tribunal de apelación en solicitud del referido permiso.

Ahora bien, independientemente de la existencia de alguno de los fundamentos enumerados en la precitada Regla 49.2, el relevar a una parte de una sentencia es una decisión discrecional del tribunal salvo en los casos de nulidad, o cuando la sentencia ha sido satisfecha.[38] Una sentencia es nula, entre otras ocasiones, cuando la sentencia se ha dictado sin jurisdicción, ya sea sobre la materia o las partes en un pleito, o cuando al dictarla se ha quebrantado el debido proceso de ley.[39]

La nulidad de una sentencia por una violación al *debido proceso de ley* puede materializarse de distintas maneras.[40] Nuestro más alto foro ha resaltado que: "el quebrantamiento del debido proceso de ley es un concepto mucho más amplio y puede haber tantas manifestaciones del mismo como principios del debido proceso de ley existen y que se hayan quebrantado en un caso especial".[41]

Bajo estos supuestos de nulidad no hay margen de discreción como con los otros fundamentos de la Regla 49.2.[42] "[S]i una sentencia es nula, tiene que dejarse sin efecto independientemente de los méritos que pueda tener la defensa o la reclamación del perjudicado".[43] Lo predicho se debe a que: "cuando una sentencia es nula, se tiene por inexistente, por lo que no surte efecto alguno".[44]

De otra parte, el término máximo de **seis (6) meses** que contempla la Regla

---

[38] *Rivera v. Algarín,* 159 DPR 482, 490 (2003).
[39] *Íd.; Bco. Santander PR v. Fajardo Farms Corp., supra,* pág. 244.
[40] *HRS Erase. v. CMT,* 205 DPR 689, 699 (2020).
[41] *Íd.*
[42] *García Colón et al. v. Sucn. González,* 178 DPR 527, 543 (2010).
[43] *Íd.,* págs. 543-544.
[44] *López García v. López García,* 200 DPR 50, 62 (2018).

para la presentación de la moción de relevo de sentencia es fatal en su acción extintiva del derecho.[45] "Transcurrido dicho plazo, no puede adjudicarse la solicitud de relevo".[46] A pesar de ello, dicha Regla permite entablar una acción independiente en los casos de nulidad de la sentencia, como ocurre cuando esta se ha dictado sin jurisdicción sobre la persona de la parte demandada.[47] De manera que, la Regla 49.2 de las de Procedimiento Civil de 2009 provee dos (2) mecanismos mediante los cuales una parte puede lograr ser relevada de los efectos de una sentencia dictada sin jurisdicción sobre su persona:

> El primero es una solicitud bajo la Regla [49.2(d)], *supra,* la cual, por disposición de la propia regla, debe ser presentada dentro de los seis (6) meses siguientes de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento. **Transcurrido el término de seis (6) meses dispuesto en la Regla 49.2, *supra,* la parte que desee plantear la nulidad de la sentencia debe recurrir a una acción independiente de nulidad de sentencia.** (énfasis suplido).[48]

### - III -

En su recurso, la señora **BADILLO FELICIANO** nos invita a revisar la *Resolución* decidida el 29 de agosto de 2025 por el Tribunal de Primera Instancia, Sala Superior de Fajardo. Apuntala que el foro *a quo* incidió al no haber respetado el debido proceso de ley ni las disposiciones federales aplicables lo cual es un error de derecho.

De otro lado, **E.M.I.** afirma que este tribunal carece de jurisdicción para atender la controversia de autos y debemos abstenernos de nuestra función revisora conforme a los criterios de la Regla 40 del Tribunal de Apelaciones. Además, alude que la señora **BADILLO FELICIANO** incumplió con su obligación de notificar a todas las partes al no remitir copia de su requerimiento al nuevo adquiriente de la propiedad.

Habida cuenta de que se recurre de un remedio *post sentencia* procede que fundamentemos nuestro ejercicio discrecional exclusivamente en los criterios que provee la Regla 40 de nuestro Reglamento. Un tribunal intermedio revisor no intervendrá con el ejercicio de discreción de los Tribunales de Primera Instancia,

---

[45] *Bco. Santander PR v. Fajardo Farms Corp., supra,* pág. 243.
[46] *Id.*
[47] *Id.,* pág. 244.
[48] *Bco. Santander PR v. Fajardo Farms Corp., supra,* págs. 246-247.

salvo que se demuestre que hubo un craso abuso de discreción, se actuó con prejuicio o parcialidad, se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo; y, nuestra intervención en esa etapa evitará un perjuicio sustancial.

Tras justipreciar detenidamente las posturas de las partes, colegimos que no encontramos presente alguno de los criterios enumerados en la Regla 40 del Reglamento del Tribunal de Apelaciones ni la señora **BADILLO FELICIANO** ha demostrado que el foro recurrido actuó con pasión, prejuicio, parcialidad o que incurrió en error manifiesto. Nada en su recurso nos convenció para utilizar nuestra función revisora en esta etapa de los procedimientos. Sus planteamientos no nos mueven para inmiscuirnos en el manejo del caso o en la discreción del(de la) juez quien presidió la sala en la cual se confirió declarar no ha lugar la *Urgente Moción Solicitando Remedios Bajo la Regla 49.2 de las de Procedimiento Civil por Nulidad de Sentencia*.

- **IV** -

Por los fundamentos antes expuestos, ***denegamos*** la expedición del auto de *Certiorari* instado el 13 de noviembre de 2025 por la señora **MELISA BADILLO FELICIANO**.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones